ment." Under the new *Brooks* test, prejudice is the key element that a petitioner must demonstrate.

The most important factor in this case is the evidence the State presented against Darden. The evidence against Darden was far from overwhelming. Essentially, the State's case hinged on the identification of Darden by two eyewitnesses, the victim's wife and a young boy employed part-time by the victim. There was very little corroborating evidence. Darden at all times denied any involvement in the crime. Furthermore, as I argued in my dissent to the original panel opinion, the eyewitness identifications were conducted, at the very least, in a highly suspect manner. *Darden v. Wainwright*, 699 F.2d 1031 at 1040–41 (11th Cir.1983) (Clark, J., dissenting). The closing arguments in numerous improper instances emphasized the reliability of eyewitness identification testimony, the lack of credibility of Darden as well as his "animal" nature, and stressed that death was the only sentence that would protect the public.

Using the *Brooks* test, the strength of the evidence against the accused is a factor in determining whether the argument exceeded constitutional limits.[3] It would seem that the evidence here is weaker than in any of the four cases recently decided by the en banc court. The argument is as egregious as any. Thus, it would seem that the "but for" or prejudice test of *Brooks* has been satisfied in this case. Certainly it cannot be said that the argument had no effect on the sentencing decision. *See Caldwell, supra,* 105 S.Ct. at 2646. Therefore, I dissent.

KRAVITCH, Circuit Judge, dissenting:

Because Darden's prosecutorial misconduct claim has not been evaluated under

current legal standards (*Caldwell v. Mississippi,* —— U.S. ——, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); *Brooks v. Kemp,* 762 F.2d 1383 (11th Cir.1985) (*en banc* )), I dissent from the denial of rehearing.

**William Jasper DARDEN,
Petitioner-Appellant,
Cross-Respondent,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent-Appellee, Cross-Petitioner.**

**No. 81–5590.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 1985.

Robert Augustus Harper, Jr., John Perry, Tallahassee, Fla., for petitioner-appellant, cross-respondent.

Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondent-appellee, cross-petitioner.

Before GODBOLD, Chief Judge, RONEY, TJOFLAT,[*] HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, ANDERSON and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.[**]

---

**3.** In *Brooks,* the majority at one point stated: "an outcome based on weak evidence might be more likely to have been affected by errors than one based on a very strong case." 762 F.2d at 1385.

\* Judge Gerald Bard Tjoflat did not participate in this decision.

\*\* Judge Joseph W. Hatchett, having recused himself, did not participate in this decision. Senior Circuit Judge Lewis R. Morgan elected to participate in this decision pursuant to 28 U.S.C. § 46(c).

## ORDER

Darden's motion, filed August 29, 1985, to stay the mandate for 30 days and stay his execution pending application for certiorari, is DENIED.

**Willie Jasper DARDEN,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT,**
**Respondent-Appellee.**

No. 85–3700.

United States Court of Appeals,
Eleventh Circuit.

Sept. 3, 1985.

Rehearing and Rehearing En Banc
Denied Oct. 15, 1985.

Robert Augustus Harper, Tallahassee, Fla., for petitioner-appellant.

Richard W. Prospect, Sean Daly, Asst. Attys. Gen., Daytona Beach, Fla., for respondent-appellee.

Before FAY and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.

BY THE COURT:

The emergency motion of appellant for stay of execution is DENIED. The motion of appellant for certificate of probable cause is DENIED. The motion of appellant for leave to proceed on appeal in forma pauperis is GRANTED.

**Arthur Lee JONES,**
**Petitioner-Appellant,**

v.

**Fred SMITH, Commissioner, Alabama Department of Corrections and Willie Johnson, Warden, Holman Unit, Respondents-Appellees.**

No. 84–7783.

United States Court of Appeals,
Eleventh Circuit.

Sept. 11, 1985.

